UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JERRY LEWIS KING, | ) | 1:08-cv-00276-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING RESPONDENT'S |
| | ) | MOTION TO DISMISS PETITION FOR |
| v. | ) | WRIT OF HABEAS CORPUS (Doc. 8) |
| | ) | |
| JAMES YATES, Warden, | ) | ORDER DISMISSING PETITION (Doc.1) |
| | ) | |
| Respondent. | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on February 27, 2008. On May 16, 2008, the Court ordered Respondent to file a response. (Doc. 6). On July 14, 2008, Respondent filed the instant motion to dismiss, contending that the petition violated the one-year limitation period in 28 U.S.C.§ 2244(d). (Doc. 8). On August 1, 2008, Petitioner filed a response to the motion to dismiss. (Doc. 12).

On July 22, 2008, both parties having consented, the case was reassigned to the United States Magistrate Judge for all purposes. (Doc. 11).

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not

1

entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)(using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989)(using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982)(same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitation period. Because Respondent's motion is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion pursuant to its authority under Rule 4.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S. Ct. 2059 (1997). Because this action was commenced in 2008, the instant petition is subject to the AEDPA limitation period.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the California Supreme Court denied review of Petitioner's petition for review on August 13, 2003. (Doc. 10, Lodged Documents ("LD") 4, 5). In most instances, direct review would have concluded on November 11, 2003, when the ninety day period for seeking review in the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).

However, the California Court of Appeal, Fifth Appellate District ("5th DCA"), vacated Petitioner's sentence and remanded the matter for the trial court to strike from the sentence one 1-year enhancement on a prison term prior and to correct the terms imposed for count one (robbery) and a personal firearm use enhancement. (LD 3). On September 11, 2003, the Tulare County Superior Court amended the sentence in accordance with the 5th DCA's mandate. (LD 6). Petitioner did not appeal from the Superior Court's sentence of September 11, 2003.

California state law governs the period within which prisoners have to file an appeal and, in turn, that law governs the date of finality of convictions. See e.g., Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001)(California conviction becomes final sixty days after the superior court proceedings have concluded, citing prior Rule of Court, Rule 31(d)). Pursuant to California Rules of Court, Rule 8.308(a), a criminal defendant convicted of a felony must file his notice of appeal within sixty days of the rendition of judgment. See People v. Mendez, 19 Cal.4th 1084, 1086 (1999)(citing prior Rule of Court, Rule 31(d)). Because Petitioner did not file a notice of appeal from his re-sentencing, his direct review concluded on November 10, 2003, when the sixty-day period for filing a notice of appeal expired.

3

1  The one-year period under the AEDPA would have commenced the following day, on November 11,
2  2003, and Petitioner would have had 365 days, or until November 10, 2004, within which to file his
3  federal petition for writ of habeas corpus. Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001).
4  　　　As mentioned, the instant petition was not filed until February 27, 2008, approximately three
5  years and three months after the one-year period would have expired. Thus, unless Petitioner is
6  entitled to either statutory or equitable tolling for that period of time, the petition is untimely and
7  must be dismissed.
8  　　　C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)
9  　　　Under the AEDPA, the statute of limitations is tolled during the time that a properly filed
10 application for state post-conviction or other collateral review is pending in state court. 28 U.S.C.
11 § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules
12 governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531
13 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that "a California
14 petitioner completes a full round of [state] collateral review," so long as there is no unreasonable
15 delay in the intervals between a lower court decision and the filing of a petition in a higher court.
16 Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003)(per curium)(internal quotation marks and
17 citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v.
18 Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d
19 1003, 1005-1006 (9th Cir. 1999).
20 　　　There are circumstances and periods of time when no statutory tolling is allowed. For
21 example, no statutory tolling is allowed for the period of time between finality of an appeal and the
22 filing of an application for post-conviction or other collateral review in state court, because no state
23 court application is "pending" during that time. Nino, 183 F.3d at 1006-1007. Similarly, no
24 statutory tolling is allowed for the period between finality of an appeal and the filing of a federal
25 petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal
26 habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see
27 also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).
28 Further, a petitioner is not entitled to statutory tolling where the limitation period has already run

prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. Rice, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

1. The petitions

Here, the documents filed by Respondent and Petitioner's own allegations indicate that Petitioner filed the following state petitions: (1) filed in the California Supreme Court on June 16, 2004 and denied on May 11, 2005 (LD 7, 8);[1] (2) filed in the Tulare County Superior Court on April 4, 2006 and denied on April 5, 2006 (LD 9, 10); (3) filed in the 5th DCA on October 26, 2006 and denied on November 2, 2006 (LD 11, 12); (4) filed in the Tulare County Superior Court on February 21, 2007 and denied on February 23, 2007 (LD 13, 14); (5) filed in the 5th DCA on March 13, 2007 and denied on April 19, 2007 (LD 15, 16); (6) filed in the California Supreme Court on June 7, 2007 and denied on October 17, 2007 (LD 17, 18); and (7) filed in the California Supreme Court on June 11, 2007 and denied on October 17, 2007 (LD 19, 20).

(a) First petition

Respondent does not contest that the first state petition was "properly filed" under the AEDPA and therefore entitled to statutory tolling during its pendency. (Doc. 8, p. 5). However, Respondent does contend that Petitioner is not entitled to tolling during the interim between the first and second petitions because Petitioner was not proceeding from a lower court to a higher court. The Court agrees.

(b) Second petition

In Delhomme, the Ninth Circuit held that a petitioner begins a separate round of review "each

---

[1] Although the petition is date stamped by the California Supreme Court as being filed on June 24, 2004, it is signed and dated by Petitioner as of June 16, 2004. (LD 7). In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271. Accordingly, the Court will assume, for the sake of this motion to dismiss, that the first state petition was filed per the "mailbox rule" on June 16, 2004.

5

time [he] files a new habeas petition at the same or a lower level" of the state court system. Delhomme, 340 F.3d at 820; see also Nino, 183 F.3d at 1006-1007 (intervals tolled between state court's disposition of a state habeas petition and the filing of "a petition at the next state appellate level."). There is no tolling for the period between sets or "rounds" of state habeas petitions. Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003)(no tolling once California Supreme Court denied review); see also Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002)(no tolling during gap between first set of state petitions and second).

Accordingly, since the second petition was filed in the Superior Court, while the first had been filed in the California Supreme Court, Petitioner, in proceeding on the second petition, was not moving to the next state appellate level, but was proceeding in a lower court. This constitutes the initiation of a new round of state petitions, and the interval between such rounds of petitions is not tolled. Biggs, 339 F.3d 1045.

Respondent also challenges any tolling for the second petition because it was filed over ten months after the first petition had been denied. Again, the Court agrees.

In reviewing habeas petitions originating from California, the Ninth Circuit formerly employed a rule that where the California courts did not explicitly dismiss for lack of timeliness, the petition was presumed timely and was deemed "pending." In Evans v. Chavis, the Supreme Court rejected this approach, requiring instead that the lower federal courts determine whether a state habeas petition was filed within a reasonable period of time. Evans, 546 U.S. at 198 ("That is to say, without using a merits determination as an 'absolute bellwether' (as to timeliness), the federal court must decide whether the filing of the request for state court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'"). However, "'[w]hen a post-conviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).'" Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 414, 125 S. Ct. 1807 (2005); see also Carey v. Saffold, 536 U.S. at 226.

Therefore, under the analysis mandated by the Supreme Court's decisions in Pace and Evans, this Court must first determine whether the state court denied Petitioner's habeas application as

untimely. If so, that is the end of the matter for purposes of statutory tolling because the petition was then never properly filed and Petitioner would not be entitled to any period of tolling under § 2242(d)(2). Bonner, 425 F.3d at 1148-1149. Here, the Tulare County Superior Court expressly denied the second petition as untimely, and did not address the merits of Petitioner's claims. (LD 10). Thus, for statutory tolling purposes, the petition was never properly filed under the AEDPA and is thus not entitled to statutory tolling.

Because neither the second petition nor the interval between the first and second petitions were entitled to tolling, the one-year limitation period re-commenced on the day following the denial of the first petition, or on May 12, 2005. At that point, 218 days had already elapsed, i.e., the time between the commencement of the one-year period on November 11, 2003, and the filing of the first petition on June 16, 2004. Thus, when the one-year period re-commenced on May 12, 2005, only 147 days remained of the original 365 days. Since Petitioner is not entitled to either interim tolling between the first and second petitions or tolling for the pendency of the second petition, the one-year period continued to run unabated after the period's re-commencement on May 12, 2005, and expired 147 days later, on October 5, 2005.

(c) Subsequent petitions

Respondent next argued that because the limitation period expired on October 5, 2005, none of the petitions filed after that date--i.e., the third, fourth, fifth, sixth, and seventh state petitions--are entitled to statutory tolling. Respondent is correct.

A petitioner is not entitled to tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson, 321 F.3d at 823; Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). Here, the limitation period expired on October 5, 2005. The Court has already found that Petitioner is not entitled to tolling for his second petition. The third state petition was not filed until October 26, 2006, over a year *after* the one-year period had expired. Therefore, Petitioner is not entitled to tolling for the third petition. Green, 223 F.3d at 1003. Moreover, since the fourth, fifth, sixth, and seventh petitions were obviously filed after the third petition, they too are not entitled to statutory tolling since the limitation period had expired prior to the filing of those petitions.

2. <u>Petititioner's Cunningham argument</u>

In his response to the motion to dismiss, Petitioner concedes that, under normal tolling provisions, the petition would be untimely; however, Petitioner contends that 28 U.S.C. § 2244(d)(1)(D) applies, i.e., the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence, rather than section (d)(1)(A), the date on which direct review concluded. Petitioner bases his contention on the fact that the claim in the instant petition is based upon alleged error of the trial judge in sentencing Petitioner to the upper term. For this proposition, Petitioner relies on the United States Supreme Court's decision in <u>Cunningham v. California</u>, 549 U.S. 270, 127 S.Ct. 856 (2007), which found California's determinate sentencing law unconstitutional because it permitted trial court's to sentence defendants to the upper term based on facts that had not been proven to a jury beyond a reasonable doubt. Petitioner is mistaken.

Under Petitioner's reading of § 2244(d)(1)(D), the one-year limitation period begins when a prisoner actually understands what legal theories are available to him. However, this interpretation is incorrect. According to the wording of the statute, the one year time limit commences on the date the "factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," not when it was actually discovered by the petitioner. In addition, the trigger in § 2244(d)(1)(D) is the discovery, actual or imputed, of the claim's "factual predicate," *not* the recognition of the facts' legal significance. Stated differently, the time begins when the prisoner knows, or through diligence could discover, the salient facts, not when he recognizes the legal significance of those facts.

In this case, Petitioner was well aware of the factual predicate for his claim, i.e., that the upper level sentence imposed on him as of the Superior Court's re-sentencing on September 11, 2003 was based in part upon facts not found beyond a reasonable doubt by a jury. Thus, the United States Supreme Court's decision in <u>Cunningham</u> some four years after Petitioner was re-sentenced did not provide Petitioner with the "factual predicate" for his claim of an unconstitutional sentence. <u>Cunningham</u> merely provided additional context for the legal significance of those facts. As such, the one-year limitation period commenced from the "normal" date, i.e., the conclusion of direct

review on November 11, 2003, not the date Cunningham was decided.[2]

The instant petition was filed on February 27, 2008, two years and three months *after* the limitation period had expired. Unless Petitioner is entitled to equitable tolling, the petition is untimely and must be dismissed.

D. Equitable Tolling

The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation and quotation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Petitioner makes no claim of entitlement to equitable tolling and the Court has found nothing in the record that would support such an entitlement. As there exists no circumstances sufficient to

---

[2]Even were this not true and Petitioner could avoid the fatal statute of limitation problem in this case, Petitioner could not avail himself of the decision in Cunningham. In Butler v. Curry, 528 F.3d 624 (9th Cir. 2008), the Ninth Circuit clarified that the Cunningham decision, by holding that the decision was compelled by the Supreme Court's prior decision in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), such that the decision as to whether a petitioner's constitutional rights herein were violated rests, as a threshold matter, on whether or not his conviction became final before Blakely, *not* Cunningham, was decided. Citing Teague v. Lane, 489 U.S. 288, 306, 109 S.Ct. 1060 (1989), the Ninth Circuit panel stated as follows:

> Apprendi, Blakely, and Booker made "courts throughout the land" aware that sentencing schemes that raise the maximum possible term based on facts not found by a jury violate the constitutional rights of defendants. [Cunningham, supra,] at 306. No principles of comity or federalism would be served by refusing to apply this rule to functionally indistinguishable state sentencing schemes on collateral review. Cunningham thus *did not announce a new rule of constitutional law and may be applied retroactively on collateral review*.

Butler, supra, at 639. (Emphasis supplied). Blakely is therefore the case on which Petitioner's case depends because Blakely is not retroactively applied. Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005). In other words, Cunningham cannot be applied retroactively for cases which were final prior to Blakely. Petitioner's conviction became final on November 11, 2003. Blakely was not decided until June 24, 2004. Thus, even if Petitioner could avoid the statute of limitation problem that is fatal to his petition, Cunningham would not, under Teague, apply retroactively to his sentence in any event.

9

justify equitably tolling the limitation period, the petition is untimely by two years and three months and must therefore be dismissed.

## **ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. Respondent's motion to dismiss, (Doc. 8), is GRANTED;
2. The petition for writ of habeas corpus, (Doc. 1) is DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one-year limitation period; and
3. The Clerk of the Court is DIRECTED to enter judgment against Petitioner and close the file.

IT IS SO ORDERED.

Dated:  **February 26, 2009**                           **/s/ Theresa A. Goldner**
                                                                     UNITED STATES MAGISTRATE JUDGE